IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL RHEA DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:10CV505-SRW |
| ) | (WO) |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner, Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is presently before the court on plaintiff's motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), (Doc. # 19) and plaintiff's attorney's petition for authorization of for attorney fees pursuant to 42 U.S.C. § 406(b), as amended (Doc. ## 26, 28). The Commissioner contends that plaintiff is not entitled to EAJA fees because the government's position was substantially justified. (Doc. # 21). The court concludes that plaintiff's motion for EAJA fees and his attorney's amended petition for authorization of fees pursuant to § 406(b) are due to be granted.

### EAJA Motion

Under the EAJA, the court is required to award attorney's fees to the prevailing plaintiff in a Social Security appeal "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In opposing an award of EAJA fees in this case, the Commissioner contends only that the government's position was substantially justified.

(Doc. # 21). "The government bears the burden of showing that its position was substantially justified." U.S. v. Jones, 125 F.3d 1418, 1425 (11th Cir. 1997)(citation omitted); see also U.S. v. Aisenberg, 358 F.3d 1327, 1339 n. 18 (11th Cir. 2004)(observing that 28 U.S.C. § 2412(d) "also contains this burden of proof: the United States must show that its position was 'substantially justified or that special circumstances make an award unjust,' when defending an application for attorney's fees."). "The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person' – *i.e.* when it has a reasonable basis in both law and fact." United States v. Douglas, 55 F.3d 584, 588 (11th Cir. 1995)(quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).  To satisfy her burden of establishing substantial justification, the Commissioner must demonstrate that her position was substantially justified throughout the case, including in the administrative proceedings before the Commissioner.  28 U.S.C. § 2412(d)(2)(D)("position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"); Myers v. Sullivan, 916 F.2d 659, 666 n. 5 (11th Cir. 1990)("An examination of whether the government's position was substantially justified encompasses an evaluation of *both* the agency's prelitigation conduct and the subsequent litigation positions of the Justice Department.")(emphasis in original)(citations omitted).

The court reversed the Commissioner's decision in this case because the ALJ's analysis was not sufficient to permit the court to determine the nature of the significant work-related functional limitations that the ALJ had found to result from plaintiff's "severe"

impairment of sleep apnea, or how he factored plaintiff's obesity into plaintiff's residual functional capacity. While the ALJ concluded expressly that plaintiff's "ability to perform all or substantially all of the requirements of [sedentary] work has been impeded by additional limitations" (R. 22), he failed to include these additional limitations in his RFC finding (in which the only stated limitation was to sedentary work), or to indicate the nature or degree of such limitations at any other point in his decision. The Commissioner's argument that her position was substantially justified rests on this court's suggestion that the Commissioner's "harmless error" argument before this court had "some" merit. (Doc. # 21, p. 4)(citing Doc. # 15, p. 22 n. 7). The Commissioner further points out that the court found in favor of the plaintiff on only one of the two arguments he had raised. (Doc. # 21, pp. 4-5).

In its memorandum opinion, the court observed that the Commissioner's harmless error argument had "some" merit because it appeared "probable that the ALJ intended to include in his RFC assessment the limitations he stated in his hypothetical question to the vocational expert[.]" (Doc. # 15, p. 22, n. 7). However, the ALJ did not – in fact – include those limitations; the only limitation he expressed was to sedentary work. The Commissioner's argument to this court that "the ALJ *found* ... that Plaintiff was limited to sedentary work that provided an at-will sit/stand option and involved occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and stairs; no exposure to hazardous conditions such as unprotected heights, dangerous machinery, or uneven surfaces; no use of lower extremity pedal controls; short simple instructions; simple work related decisions; few changes in the work place; and no driving" (Doc. # 11, pp. 12-13)(emphasis

added) was specious.  The court's acknowledgment that the ALJ had *probably* meant to include certain non-exertional limitations in his RFC finding does not suggest that the Commissioner was substantially justified in contending (see id. at p. 13 n. 5) that the court could review the Commissioner's final decision on the basis of what the ALJ probably meant to find, instead of the actual findings set forth in his written decision.  As noted above, to carry her burden of establishing that her position was substantially justified, the Commissioner must demonstrate that it had "a reasonable basis in *both* law and fact." Douglas, 55 F.3d at 588.  Even if the Commissioner's factual premise regarding the ALJ's RFC finding had "some" merit, her legal premise that the court could treat this unstated finding as the ALJ's actual finding for purposes of review was wholly without merit.

Additionally, the Commissioner's substantial justification argument is directed entirely to her conduct of litigation before this court.  She makes no argument relating to substantial justification for her positions at the administrative level.  She does not contend that the ALJ was "substantially justified" in failing to include nonexertional limitations in his RFC finding or in failing to include sufficient analysis of plaintiff's "severe" impairments of obesity and sleep apnea to permit meaningful judicial review.  The Commissioner has not demonstrated that her position was substantially justified both at the administrative level and before this court.  Thus, plaintiff is entitled to an award of fees under the EAJA.

Plaintiff seeks attorney fees in the total amount of $3,018.75, based on 17.25 hours of work at the rate of $175.00 per hour.  (Doc. # 19).  The Commissioner states no objection to the amount of fees plaintiff requests.  (See Doc. # 21).  Upon review of the application for

EAJA fees and the affidavit of plaintiff's counsel, the court concludes that the amount of fees plaintiff seeks is reasonable. Accordingly, his motion for EAJA fees will be granted.

## 42 U.S.C. § 406(b) Fees

The Commissioner awarded plaintiff benefits on remand and withheld $15,283.75 – represented by the Commissioner to be twenty-five percent of past due benefits for plaintiff and his daughter (see Doc. # 26-1, pp. 3, 5) – for payment of attorney fees. The Commissioner has authorized plaintiff's counsel to charge and collect attorney fees in the amount of $10,000.00 for services rendered by plaintiff's counsel in the administrative proceedings before the Commissioner. (Doc. # 28-1). Plaintiff seeks authorization to charge the plaintiff an additional amount of $5,283.75 – the remainder of the past due benefits withheld by the Commissioner– for 17.25 hours of work before this court. Plaintiff's counsel has filed a copy of her fee agreement with plaintiff, which demonstrates that plaintiff agreed to pay his attorney twenty-five percent of past-due benefits awarded to plaintiff and any auxiliary beneficiaries. (Doc. # 26-1, p. 1). The Commissioner states that she "has no objection to the request for fees under 42 U.S.C. § 406(b),[1] but requests that the Court order Plaintiff's counsel to return any EAJA award to Plaintiff should both fee requests be granted." (Doc. # 27, p. 2). Plaintiff's counsel concurs that such a refund is appropriate.

---

[1] The Notice of Award filed by plaintiff's counsel on April 24, 2013 states that the benefit amount for November 2009 through November 2012 is subject to reduction if the Commissioner determined that plaintiff received SSI for that period. (Doc. # 26-1, p. 2). However, the court is satisfied – particularly in view of the fact that the Commissioner states no objection to the fee request in her most recent response – that authorization of the fees sought by plaintiff's counsel in her amendment to the § 406(b) petition would not result in the award of a fee exceeding twenty-five percent of past-due benefits, the amount to which plaintiff agreed and the maximum allowed by law.

(Doc. # 28, p. 1)("Counsel will refund to the claimant the smaller fee should both fee requests be granted."). The court concludes that the fee sought by plaintiff's counsel for litigating the matter before this court is reasonable. Accordingly, the court will grant the petition, as amended, for authorization of attorney's fees.

## CONCLUSION

For the foregoing reasons, it is ORDERED that:

(1) plaintiff's application for attorney fees (Doc. # 19) is GRANTED, and plaintiff is awarded attorney fees pursuant to the EAJA in the total amount of $3,018.75;

(2) the Commissioner is DIRECTED to send any check it issues to the plaintiff in payment of such EAJA fees to the plaintiff, in care of his attorney, Janet Cox, at Cox's address of record;

(3) the petition for authorization of attorney's fees pursuant to 42 U.S.C. § 406(b), as amended (Doc. ## 26, 28) is GRANTED, and plaintiff's counsel is authorized to collect the amount of $5,283.75 from plaintiff's withheld past-due benefits for work performed before this court; and

(4) plaintiff's counsel is DIRECTED – if she collects the awarded EAJA fees from the plaintiff – to refund to the plaintiff the amount of $3,018.75.

DONE, this 15th day of December, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE